IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CR. No. 22-20190 MSN |
| v. | ) | |
| | ) | 18 U.S.C. §1343 |
| NIKITA CANNADY, | ) | 18 U.S.C. §1014 |
| | ) | 18 U.S.C. §1957 |
| Defendant. | ) | 18 U.S.C. § 981 |
| | ) | 18 U.S.C. § 982 |

# INDICTMENT

**THE GRAND JURY CHARGES:**

## General Allegations

During all times material to this Indictment unless otherwise specified:

### The Defendant and Related Entities

1. Defendant **Nikita Cannady** was the owner of several businesses in the Memphis, Tennessee area, all using "What About Us" as part of the business name and located at 3320 Austin Peay Highway, Memphis, Tennessee.

2. What About Us Child Care Center LLC (WAU Child Care) was a Tennessee limited liability company established February 5, 2020 and owned by **Nikita Cannady.**

3. What About Us Foundation (WAU Foundation) was a Tennessee non-profit corporation established December 11, 2019 and owned by **Nikita Cannady**.

4. What About Us Adult Day Care Center, LLC (WAU Adult Day Care) was a Tennessee limited liability company established July 17, 2017 and administratively dissolved August 6, 2019. During its existence, it was owned by **Nikita Cannady**.

5. What About Us Home Health Care Inc. (WAU Home Health) was a Tennessee corporation established March 16, 2016 and controlled by **Nikita Cannady**.

## The U.S. Small Business Administration

6. The U.S. Small Business Administration (SBA) was an agency of the Executive Branch of the U.S. Government, which provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

7. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

## The CARES Act, the Economic Injury Disaster Loan Program, and the Paycheck Protection Program

8. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and provided for the expansion of others including programs created and / or administered by the SBA.

9. The Economic Injury Disaster Loan ("EIDL") program was a program that provided low-interest loans to small businesses, renters, and homeowners in regions affected by declared disasters.

10. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to

$10,000 to small businesses within three days of applying for an EIDL. These advances were essentially grants, and did not have to be repaid.

11. In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was the period preceding January 31, 2020. For a business to be eligible for an EIDL, the business must have been in operation before February 1, 2020. The applicant was also required to certify that he/she was not engaged in any illegal activity and that all of the information in the application was true and correct to the best of the applicant's knowledge.

12. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. Approval of a loan application and the amount of a loan was based, in part, on the information provided on the application about the number of employees, gross revenue, and cost of goods, as described above. Upon approval of an application for an EIDL or advance, SBA would disburse the funds. EIDL loan proceeds were permitted to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

13. Another source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP).

14. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the applicant to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483 or Form 2483-SD for a second draw following a previous loan), the applicant was required to certify, among other things, that the small business was in operation on February 15, 2020, its average monthly payroll expenses for the 12 months prior to that date, its number of employees, and that the applicant was not engaged in any illegal activity. This information was used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

15. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

16. PPP loan proceeds were required to be used for certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan towards payroll expenses.

## Relevant Financial Institutions and Businesses

17. Regions Bank was a financial institution headquartered in Birmingham, Alabama and insured by the Federal Deposit Insurance Corporation (FDIC).

18. Itria Ventures LLC was a financial services company and direct lender headquartered in New York, New York.

19. Preferred Title & Escrow, PLLC was a full-service real estate title and escrow company located in Memphis, Tennessee.

20. Sunrise Yamaha Motorsports was a retail seller of motorcycles and other recreational vehicles located in Searcy, Arkansas.

## Scheme to Defraud

21. Between on or about April 24, 2020 and on or about May 15, 2021, the exact dates being unknown to the Grand Jury, defendant **Nikita Cannady** devised and executed a scheme and artifice to defraud and to unlawfully obtain money and other property by means of false and fraudulent pretenses, representations, and promises.

22. The object of the scheme and artifice to defraud was for defendant **Nikita Cannady** to unjustly enrich herself by obtaining EIDL loan funds directly from the SBA and PPP loan funds backed by the SBA from one or more financial institutions under false and fraudulent pretenses.

23. It was part of the scheme that defendant **Nikita Cannady** submitted and caused to be submitted, EIDL loan applications to SBA containing one or more or the following false and fraudulent misrepresentations:

    a. that the business that was the subject of the application was in operation on January 31, 2020;

b.   that the business that was the subject of the application had a certain amount of gross revenue for the 12-month period prior to January 31, 2020;

c.   that the business that was the subject of the application had a certain number of employees as of January 31, 2020.

d.   that the defendant was not engaged in any illegal activity.

24.   It was part of the scheme that defendant **Nikita Cannady** submitted and caused to be submitted an SBA Form 2483 and/or Form 2483-SD to Regions Bank and/or Itria Ventures LLC containing one or more of the following false and fraudulent misrepresentations:

a.   that the business that was the subject of each application was in operation on February 15, 2020;

b.   that the business that was the subject of the application had a certain amount of average monthly payroll costs for the 12-month period prior to February 15, 2020;

c.   that the business that was the subject of the application had a certain number of employees as of February 15, 2020.

d.   that the defendant was not engaged in any illegal activity

25.   It was part of the scheme that defendant **Nikita Cannady**, by means of false and fraudulent misrepresentations, obtained EIDL advances and loan funds from SBA totaling at least $102,400.

26.   It was part of the scheme that defendant **Nikita Cannady**, by means of false and fraudulent misrepresentations, obtained PPP loan funds from Regions Bank and Itria Ventures LLC totaling at least $224,742.50.

27. It was part of the scheme that defendant **Nikita Cannady** used the proceeds of the above-described fraud on expenditures for herself, including, but not limited to, a down payment on a home and the purchases of vehicles.

### COUNTS 1-6
### (Wire Fraud)

28. The allegations in paragraphs 1-27 above are hereby reallaged and incorporated by reference as if fully set forth herein.

29. On or about the dates set forth below, in the Western District of Tennessee and elsewhere, the defendant

### NIKITA CANNADY

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count # | Date | Description |
|---|---|---|
| 1 | June 17, 2020 | Electronic transmission of EIDL loan application #3305071926 to SBA applying for EIDL advance and loan funds for WAU Child Care. |
| 2 | July 9, 2020 | Electronic transmission EIDL loan application #3309688918 applying for EIDL advance and loan funds for WAU Foundation. |
| 3 | September 6, 2020 | Electronic transmission EIDL loan application #3314295580 applying for EIDL advance and loan funds for WAU Adult Daycare |
| 4 | April 15, 2021 | Electronic transmission EIDL loan application #3318509763 applying for EIDL advance and loan funds for WAU Adult Daycare |

| 5 | March 9, 2021 | Electronic transmission of SBA Form 2483 to Regions Bank for PPP loan #76004086-08 applying for PPP funding for WAU Child Care |
| 6 | April 5, 2021 | Electronic transmission of SBA Form 2483-SD to Itria Ventures LLC for PPP loan #3400768706 applying for PPP funding for WAU Home Health Care |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 7-10
### (False Statements in Connection with Loan Application)

30. The allegations in paragraphs 1-27 above are hereby reallaged and incorporated by reference as if fully set forth herein.

31. On or about the dates below, in the Western District of Tennessee and elsewhere, the defendant,

**NIKITA CANNADY**

knowingly made a false statement and report for the purpose of influencing the action of the U.S. Small Business Administration (SBA) in connection with an application for a loan under the SBA's Economic Injury Disaster Loan Program (EIDL) in that the defendant represented that each of the businesses set forth below was in operation on January 31, 2020 and had a certain number of employees on that date, and had generated a certain amount of gross revenue during the preceding 12-month period, when in truth and in fact, as the defendant then well knew, the business had not been in operation on the represented date and did not have the represented number of employees and revenue:

| Count # | Date | EIDL Loan Application # | Business Name |
|---|---|---|---|
| 7 | June 17, 2020 | #3305071926 | WAU Child Care |

8

| 8 | July 9, 2020 | #3309688918 | WAU Foundation |
| 9 | September 6, 2020 | #3314295580 | WAU Adult Day Care |
| 10 | April 15, 2021 | #3318509763 | WAU Adult Day Care |

All in violation of Title 18 United States Code, Section 1014.

## COUNT 11
**(False Statements in Connection with Loan Application)**

32. The allegations in paragraphs 1-27 above are hereby reallaged and incorporated by reference as if fully set forth herein.

33. On or about March 9, 2021 in the Western District of Tennessee and elsewhere, the defendant,

**NIKITA CANNADY**

knowingly made a false statement and report for the purpose of influencing the action of the U.S. Small Business Administration (SBA) and/or Regions Bank, a financial institution insured by the Federal Deposit Insurance Corporation in connection with an application for a loan under the SBA's Paycheck Protection Program (PPP) in that the defendant represented in an application for PPP loan #76004086-08 that her business, What About Us Child Care, was in operation on February 15, 2020, and had a certain number of employees on that date, and had incurred certain amount of average monthly payroll costs during the preceding 12-month period, when in truth and in fact, as the defendant then well knew, the business had not been in operation on that date, and did not have the represented number of employees, and had not incurred the represented average monthly payroll costs.

All in violation of Title 18 United States Code, Section 1014

9

## COUNT 12
### (False Statements in Connection with Loan Application)

34. The allegations in paragraphs 1-27 above are hereby realleged and incorporated by reference as if fully set forth herein.

35. On or about April 5, 2021, in the Western District of Tennessee and elsewhere, the defendant,

**NIKITA CANNADY**

knowingly made a false statement and report for the purpose of influencing the action of the U.S. Small Business Administration (SBA) in connection with an application for a loan under the SBA's Paycheck Protection Program (PPP) in that the defendant represented in an application for PPP loan #3400768706 for her business What About Us Home Health Care that she was not engaged in any illegal activity, when in truth and in fact, as the defendant then well knew, the defendant was engaged in illegal activity, that is, the scheme alleged in paragraphs 1-27 above and the specific conduct set forth in Counts 1-11 above.

All in violation of Title 18, United States Code, Section 1014

## COUNTS 13-14
### (Monetary Transactions in Proceeds of Specified Unlawful Activity)

36. The allegations in paragraphs 1-27 above are hereby realleged and incorporated by reference as if fully set forth herein.

37. On or about the dates set forth below, in the Western District of Tennessee and elsewhere, the defendant,

**NIKITA CANNADY**

did knowingly engage and attempt to engage, and did cause others to engage, in monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds as set forth in each count below having been derived from specified unlawful activity, that is wire fraud and making false statements in connection with a loan application, in violation of Title 18, United States Code, Sections 1343 and 1014.

| COUNT # | DATE(S) | AMOUNT | DESCRIPTION |
| --- | --- | --- | --- |
| 13 | August 21, 2020 | $120,000 | Payment to Preferred Title & Escrow toward the purchase of one parcel of real property located at 4983 Rowan Oak Cv., Collierville, TN |
| 14 | March 30, 2021 | $32,627 | Payment to Sunrise Yamaha Motorsports for the purchase of one 2020 Polaris Slingshot |

All in violation of Title 18, United States Code, Section 1957

11

## CRIMINAL FORFEITURE

1. The allegations contained in paragraphs 1-27 and Counts 1-14 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense(s) in violation of Title 18, United States Code, Section 1343 and/or 1014 the defendant, **NIKITA CANNADY**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendant, **NIKITA CANNADY**, shall forfeit to the United States any property, real or personal, involved in such offense, and/or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

   a. Money Judgments as follows:

   1) A personal money judgment representing the aggregate of the proceeds of the offenses charged in Counts 1-12, that is at least three hundred twenty-seven thousand one hundred forty-two dollars fifty cents ($327,142.50) in U.S. funds; and,

   2) A personal money judgment representing the aggregate of the funds involved in Counts 13-14, that is at least one hundred fifty-two thousand six hundred twenty-seven dollars ($152,627) in U.S. funds.

   b. One 2020 Polaris Slingshot, VIN 57XAARHB8L8140290, with all appurtenances and attachments thereon;

c. One parcel of real property located at 4983 Rowan Oak Cv., Collierville, TN, with all appurtenances and improvements thereon.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**FOREPERSON**

DATE: _____

_____
**JOSEPH C. MURPHY, JR.
UNITED STATES ATTORNEY**